

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JUL 11 2017
ARTHUR JOHNSTON
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| COREY ANDERSON | PLAINTIFFS |
| VERSUS | CAUSE NO. 1:17cv198 HSO-JCG |
| CROWN LINES AND LOGISTICS INC., AQUILINO GARCIA, AND OOIDA RISK RETENTION GROUP, INC. | DEFENDANTS |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

COME NOW, the Plaintiff, COREY ANDERSON, by and through his attorney of record herein, file this, his Complaint against the Defendants Aquilino Garcia, Crown Line & Logistics, Inc., and Ooida Risk Retention Group, for negligence, damages and for such other relief as the Court deems appropriate, and would respectfully represent the following:

1. Plaintiff, Corey Anderson. petitioner in these proceedings is a person of the full age of majority and resident of the Parish of Orleans, State of Louisiana, who was operating a vehicle that was struck by a motor vehicle operated, owned and insured by Defendants herein resulting in damages to his person and property.

2. Defendant, Aquilino Garcia, is a resident of Miami Lakes, Florida, whose last known address is 117 NW 48th Place, Miami Lakes, Florida, 33126, and was the operator of the motor vehicle that struck the Plaintiff's vehicle resulting in damages claimed herein. This Defendant may be served with process at this address pursuant to the *Federal Rules of Civil Procedure*.

3. Defendant, Crown Line & Logistics, Inc., is organized and existing under the laws of the State of Florida with its principal place of business in Miami Lakes, Florida

and was the owner of the motor vehicle which struck the Plaintiff's vehicle and employer of Aquilino Garcia at all times material herein. Crown Line & Logistics, Inc., may be served through its registered agent, Lilliam Payret Del Rio, 14807 Balgowan Road #201, Miami Lakes, Florida, 33016 pursuant to the *Federal Rules of Civil Procedure.*

4. Defendant, Ooida Risk Retention Group, Inc., a foreign insurer organized existing under the laws of the State of Vermont with its principal place of business in Sarasota, Florida, was the insurer of defendants Aquilino Garcia and Crown Line & Logistics, Inc., at all times material herein. Ooida Risk Retention Group, Inc. may be served through its registered agent, Risk Services-Vermont Inc. 58 East View Lane #2, Barre, Vermont, 05641 pursuant to the *Federal Rules of Civil Procedure.*

5. Diversity of citizenship exists between the Plaintiffs, Corey Anderson, Aquilino Garcia, Crown Line & Logistics, Inc., and Ooida Risk Retention Group, Inc.

6. In addition to there being diversity of citizenship, the amount in controversy exceeds $75,000.00. Accordingly, this Court has subject matter jurisdiction over Anderson's claims pursuant to 28 U.S.C. §1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

7. Venue is proper under 28 U.S.C. §1391(b) because this Court is the United States District Court for the district and division corresponding to Harrison County, Mississippi, where the acts giving rise to this action occurred.

8. Said defendants are jointly and solidarily liable and truly indebted unto petitioner in the full sum that compensates petitioner for all the damages suffered herein,

including the cost of court and expert fees to prove damages, respectively with legal interest from the date of the judicial demand until paid and for all other equitable relief reasonable under the circumstances.

9. That on or about July 11, 2017, petitioner, Corey Anderson was operating an automobile on Interstate 10 traveling west near exit 24 in Harrison County, Mississippi.

10. A Century Freightliner 18-wheeler owned by defendants, Crown Line & Logistics, Inc., operated by defendant, Aquilino Garcia, and insured by defendant, Ooida Risk Retention Group, Inc., failed to yield the right of way, rear-ending Plaintiff's vehicle causing it to veer off of the highway and into the median. resulting in Plaintiff's vehicle facing south after impact.

11. The sole cause of this motor vehicle accident was Aquilino Garcia's failure to keep a proper lookout, failure to yield the right-of-way, failure to maintain proper control of his vehicle for the conditions present at the time of the accident; failure to maintain his vehicles at the proper rate of speed for the conditions present at the time of the accident; failure to observe traffic conditions at the time of and leading up to the motor vehicle accident; failure to respond in a proper manner to conditions present, which were easily observable at the time of this motor vehicle accident; failure to abide by Mississippi Department of Transportation's (MOOT) regulations governing the transport of commercial goods; and any other acts of negligence that may be shown and/or discovered as a result of this litigation.

12. As a result of this incident, Plaintiff sustained injuries including but not limited to complaints of neck pain, back pain, bilateral shoulder pain, bilateral foot pain, buttocks pain, groin pain and headaches.

13. Plaintiff avers that his damages include but are not limited to physical pain and suffering, mental anguish and emotional distress, loss of enjoyment of life, medical expenses (past and future), and loss of income and loss of earning capacity.

14. Petitioner submits that he was not at fault nor was he contributorily negligent as is supported by the investigation made subject of the State of Mississippi Uniform Crash Report prepared relative to this incident.

15. At the time of the accident, the vehicle operated by Defendant Aquilino Garcia was owned by Defendant Crown Line & Logistics, Inc., Aquilino Garcia was, at the time of the accident, in the course and scope of his employment with Crown Line & Logistics, Inc.. As such, under the doctrine of respondeat superior, Defendant Crown Line & Logistics, Inc., is vicariously liable for the negligent actions of its employees, Aquilino Garcia.

16. At the time of the accident, Crown Line & Logistics, Inc., had in effect a policy of insurance with Ooida Risk Retention Group, Inc., providing coverage for the damages complained of herein.

17. Plaintiff has filed a claim with Ooida Risk Retention Group, Inc., to no avail. Accordingly, Plaintiff is entitled all penalties, attorney's fees and costs available under ANY all applicable laws for the bad faith exhibited by Ooida Risk Retention Group, Inc.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, COREY ANDERSON,

prays that after due proceedings are held that there be judgment in favor of Plaintiff and against the Defendants for the damages suffered and sustained by him and all cost including court cost and expert fees, and for judicial interest from the time of the judicial demand until paid, for the amount that is reasonable under the circumstances and for all other equitable relief the Court deems proper.

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information and belief that this complaint: (1) is not being presented for and improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying or reversing existing law (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with Rule 11.

Respectfully Submitted,

MITCHELL & ASSOCIATES, APLC

_____
KIANA M. MITCHELL
MISSISSIPPI BAR #103832 T.A.
615 Baronne Street, Suite 300
New Orleans, Louisiana 70113
Telephone: (504) 527-6433
Facsimile: (504) 527-6450
Email: kmmitchell@mitchellaplc.com
*Attorney for Corey Anderson*